UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*Riverside County Superior Court*
*Case No.: TEC 10010766*

**MEMORANDUM**

JS 6

| Case No. | EDCV 11-1843 DSF (DTBx) | Date | 12/20/11 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. etc. v. Arlene-Marie Hudson, et al. | | |

Present: The Honorable    DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Case to Superior Court of California, County of Riverside

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

On November 17, 2011, Defendant removed this case from state court claiming both federal question and diversity jurisdiction. The complaint is a state law unlawful detainer complaint and does not state a federal cause of action. While the Notice of Removal raises several potential federal defenses and counterclaims to the complaint, federal jurisdiction is based on the plaintiff's complaint and not on any federal counterclaims or defenses that a defendant might assert. See Holmes Group, Inc. V. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

Defendants also fail to establish diversity jurisdiction. Subject matter jurisdiction based on diversity requires complete diversity of citizenship between the parties, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). Defendants' assertion that diversity jurisdiction exists because Defendants are African American and Plaintiff is headquartered in New York, (Notice of Removal ¶ 17), fails to meet the requirements of 28 U.S.C. § 1332(a). Also, in its complaint, Plaintiff seeks only $30 per day beginning on September 29, 2010. (Compl. at 4.) This amount totaled only $12,420

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

by the date the Notice of Removal was filed. <u>BEM I, L.L.C. v. Anthropologie, Inc.</u>, 301 F.3d 548, 552 (7th Cir. 2002) (concluding that the date of removal is the proper date for ascertaining the amount in controversy where the complaint seeks a recurring payment). Defendants' assertion that the amount in controversy should be based on the value of the property fails to establish that the jurisdictional requirement is met because damages in California unlawful detainer actions are governed by statute, <u>see</u> Cal. Code Civ. Proc. § 1174, and Plaintiff specifically seeks an amount below $75,000, <u>see</u> <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 999 (9th Cir. 2007) (holding in the context of the Class Action Fairness Act that where a plaintiff's complaint explicitly seeks less than the jurisdictional minimum, the removing defendant must prove "to a legal certainty" that the amount in controversy requirement is met); <u>cf.</u> <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 700 (9th Cir. 2007) (applying the preponderance of the evidence standard where plaintiff's complaint stated that the actual damages sought were less than $75,000, but also sought other forms of monetary relief).

Defendants claim their civil rights have been violated. (<u>See, e.g.</u>, Notice of Removal ¶¶ 6, 8, 11, 29.) To pursue civil rights removal under § 1443(1):

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

<u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999 (9th Cir. 2006) (quoting <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir. 1970)). Defendants appear to believe that they will not receive an adequate hearing in unlawful detainer court. (<u>See, e.g.</u>, Notice of Removal ¶¶ 8, 11.) However, none of their mostly unspecific concerns implicates an equal protection right – racial or otherwise. Although Defendants contend that the race-based limitations on § 1443(1) should be invalidated, (Notice of Removal ¶¶ 19-21), this Court cannot permit removal in the absence of subject matter jurisdiction based on Defendants' view of what the law should be. Moreover, even assuming Defendants presented an intelligible claim that their civil rights will be violated, Defendants fail to "refer[] to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." <u>Patel</u>, 446 F.3d at 999.

The case is REMANDED to the Superior Court of California, County of Riverside. Plaintiff's motion for remand (Docket No. 4) and ex parte application for an order shortening time for the remand motion (Docket No. 5) are moot.

Further improper removal of this action will result in monetary sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6
IT IS SO ORDERED.